SAMUEL GUILLAUME and others, Respondents, v. THE HAMBURGH AND AMERICAN PACKET COMPANY, Appellants.

A provision in a bill of lading, whereby common carriers agreed to deliver merchandise in good order, " all loss and damage" * * * "from any act, neglect or default whatsoever of the pilot, master or mariners being excepted, and the owners being in no way liable for any consequences above excepted," does not excuse the carriers from liability for a loss occasioned by the gross carelessness of their servant, who was mate of the vessel by which the goods were shipped.

Accordingly, where the defendants, common carriers, received goods of the plaintiffs on board their vessel, under a bill of lading containing the above exception, and on arrival at the port of destination, the mate, without any authority or direction from the plaintiffs, delivered the goods to a carman, who was not empowered by the plaintiffs to receive them, and the goods were thereby lost.—*Held*, that the defendants were liable for the value thereof.

( Submitted January, 1870; decided March 19, 1870.)

THIS is an appeal by the defendants from a judgment of the General Term of the Supreme Court of the first district, affirming a judgment in favor of the plaintiffs, entered upon the report of a referee. On or about the 28th of August, 1861, the plaintiffs delivered to the defendants, who were common carriers, and shipped on board of their steam ship Harmonia, at Southampton, England, five cases of merchandise, to be delivered to the plaintiffs in the city of New York, upon the

arrival of said ship in that port. The plaintiffs received a bill of lading of the defendants, which, after stating the shipment in good order and condition of said five cases of merchandise, and an agreement to deliver the same in like good order and condition at New York, &c., contained the following exception, viz.: "The act of God, enemies, pirates, thieves, robbers, restraint of princes, rulers and people, vermin, jettison, barratry and collision, fire on board, in bulk or craft, or on shore, and all accidents, loss and damage whatsoever, from machinery, boilers and steam, and steam navigation, or from perils of the seas and rivers, or from any act, neglect or default whatsoever of the pilot, master or mariners being excepted. And the owners being in no way liable for any consequences above excepted." The steam ship arrived in New York about the 12th September, 1861, with the five cases of merchandise on board, and the plaintiffs caused the said merchandise to be entered at the custom house, and procured, from the proper officer thereof, a permit authorizing a discharge of four of said cases and a delivery thereof to the plaintiffs. Upon the arrival of the said ship, she was brought along side of one of the wharves of said city, used by the defendants, and the four cases of merchandise of the plaintiffs, together with other freight, were discharged from the ship, and on the same day the mate, or officer who was acting in his capacity, superintending the discharge of the cargo for and on behalf of the defendants, without any authority or direction from the plaintiffs, delivered one of said cases of merchandise to a *carman*, who was not empowered by the plaintiffs to receive the same, and who did not deliver it to the plaintiffs, and the same was not received by them. The plaintiffs received the other four cases, and demanded of the defendants the delivery of the one in question, which they were unable to deliver. And this action was brought to recover the value thereof. The referee decided in favor of the plaintiffs, and judgment was accordingly rendered in their favor, which was affirmed by the General Term of the Supreme Court, and the defendants appeal to this court.

*George C. Barrett,* for appellants.

*B. F. Watson,* for respondents.

INGALLS, J.    It is now the settled law of this State, that it is competent for a common carrier and the owner of goods, by agreement, to establish conditions of liability different from those which the law imposes upon the carrier in the absence of any special agreement. (*Dorr* v. *The N. J. S. Nav. Co.,* 11 N. Y., 485; *Bissell* v. *N. Y. C. R. R. Co.,* 25 N. Y. 442.)    The question upon this appeal is, whether the exception contained in the bill of lading is comprehensive enough to embrace and excuse the act of the servant of the defendants, which occasioned the loss in question.    Although the contract in question contains provisions which appear to be somewhat extraordinary ; yet it is entitled to a fair construction, as it is the agreement to which the plaintiffs consented and they therefore must be bound by it.    From a careful examination and consideration of the instrument in question, I am convinced that the parties could not have intended, by the exception contained in the bill of lading, to embrace and excuse an act of gross carelessnesss, such as occasioned the loss in question.    It is obvious, to my mind, that they contemplated only those hazards which attended the transportation of the goods in question, and could not have intended to relieve the defendants from liability, for the negligent act of their servant in delivering the case of goods to a person who exhibited no authority from the plaintiffs to receive it, and who was not, in fact, by them thus authorized ; and that, too, after the goods had been removed from the ship to the wharf. The conduct of the defendants' servant exhibited extreme carelessness, if not recklessness, in delivering the merchandise in question to a stranger, who did not produce any authority from the plaintiffs to receive the same.    It would be establishing a dangerous rule, to authorize a common carrier to deliver the property of the owner to whomsoever should demand the same, without producing some evidence of authority from the

owner to receive the delivery thereof. The defendants might almost as well have thrown the case of merchandise into the ocean, and then sought protection under the bill of lading. I, therefore, conclude that a reasonable construction of the instrument in question does not excuse the defendants from liability, and that the decision of the referee was correct The judgment should be affirmed, with costs.

All concur for affirmance except SUTHERLAND and GROVER JJ., who did not vote.

Judgment affirmed.