Mortimer E. McEntee, Respondent, v. The New Jersey Steamboat Company, Appellant.

An absolute refusal by a carrier to deliver goods to a person entitled to receive them constitutes a conversion of them; but if the refusal be qualified, and the qualification attached to the refusal be reasonable, and made in good faith, it does not constitute a conversion.

Common carriers deliver property at their peril, and must take care that it is delivered to the right person, for if the delivery be to the wrong person, either by an innocent mistake or through fraud of others they will be responsible, and the wrongful delivery will be treated as a conversion.

Accordingly, where the defendants received goods at Albany, to be delivered in New York, addressed to "McEntee, New York," and on their arrival

the plaintiff demanded them and offered to pay the charges, but the defendant refused to deliver them, and defendants gave evidence tending to show that the refusal was coupled with an offer to deliver the goods, if the plaintiff would produce any paper showing ownership or authority to receive them.—*Held*, that it should have been submitted to the jury, whether the refusal was qualified; .and if so, whether the qualification was reasonable and was the true reason for not delivering the goods.

(Argued February 9, 1871; decided February 21, 1871.)

APPEAL from the General Term of the Supreme Court in the second district.

The action was brought against the defendants for the conversion of chattels claimed by the plaintiff. The defendants, as common carriers between Albany and New York, received from Mr. Guyer, at Albany, and carried to New York, in 1868, several bundles of sash and blinds addressed to "McEntee," New York. After these arrived at New York, the plaintiff claimed them, and gave evidence tending to prove that he demanded the goods and tendered the charges, and that the agents of the defendants refused to deliver them.

The defendants gave evidence somewhat in conflict with the plaintiff's statement, and also gave evidence tending to show that other property of a like character had on former occasions been received by Mr. Guyer in New York, and that the goods were first inquired for as the goods of Guyer, and . that the defendant supposed they might belong to him, and that they offered to deliver them to the cartman of the plaintiff and to the plaintiff upon the production of any paper showing ownership or authority to receive them, and that the defendants were at all times ready to deliver the goods to the plaintiff upon the production of any reasonable evidence identifying him as the consignee and owner. The judge ruled and decided that the only question for the jury was whether the freight money was tendered, and restricted the counsel in summing up to that question only, and charged the jury, 1st. That when the defendants receive goods, the consignor putting them on a steamboat to be carried to New York without consigning them to any particular individual, the steamboat com-

pany was authorized to deliver them to any person who calls for them; and, 2d. That common carriers have no right to insist on any person proving ownership, for they are not restricted as to the delivery, and incur no liability whatever in that respect.

To these several rulings the defendants excepted. The counsel for the defendants also made several requests to the judge to charge, which were refused, and exceptions taken to the refusal.

A verdict was rendered at the Kings Circuit in favor of the plaintiff for the value of the property, upon which judgment was entered and affirmed on appeal by the Supreme Court, and from the latter judgment the defendants have appealed to this court.

*William P. Prentice*, for the appellant, insisted that there was no conversion. (*Esmay* v. *Fanning*, 9 Barb., 188; *Ransom* v. *Wetmore*, 39 Barb., 104; *Tolano* v. *National Steam Nav. Co.*, 4 Abb. N. S., 316. Refusal must be positive and absolute. (*Holbrook* v. *Wight*, 24 Wend., 176; *Jessop* v. *Miller*, 1 Keyes, 321; *Mount* v. *Derick*, 5 Hill, 455; *Dunlop* v. *Hunting*, 2 Den., 643; 2 Phil. Ev., 226; *Carroll* v. *Mix*, 51 Barb., 215.) That carrier is responsible for wrong delivery. (*Coggs* v. *Bernard*, 1 Raym., 665; Co. Litt., 89a and note 6; Eds. on Bailm., 450, 532; 2 Pars. Con., 181, 199; 2 Redf. Railw., § 46, pp. 46–49; Ang. Car., § 324; *Hawkins* v. *Hoffman*, 6 Hill, 588; *Powell* v. *Myers*, 26 Wend., 591; *Packard* v. *Getman*, 4 W., 615; *Willard* v. *Bridge*, 4 Barb., 361; *Dudley* v. *Hawley*, 40 B., 397; *Dean* v. *Vaccaro*, 2 Head., 485; *Dufour* v. *Mephar*, 31 Miss., 577; *Hempstead* v. *N. Y. C. R. R.*, 28 B., 485; *Mich. and C. R.* v. *Day*, 20 Ill., 375; *Roberts* v. *Riley*, 15 La. An., 103; *Bradley* v. *Waterhouse*, 3 Carr. and P., 318; *Burrell* v. *North*, 2 C. and K. 680.) Carrier is bound to make reasonable inquiry as to title. (*Rogers* v. *Weir*, 34 N. Y., 463, 471; *Holbrook* v. *Wight*, 24 W., 169; Esp., 177 and cases there cited; 2 Par. Con., 204, 205; *Ostrander* v. *Brown*, 15 Johns., 40; *Powell* v. *Myers*, 26 Wend., 591; *Mount* v. *Derick*, 5 Hill, 455; *Carroll* v. *Mix*,

51 Barb., 215; *Solomon* v. *Davis*, 1 Esp. N. P. C., 83; *Tuttle* v. *Gladding*, 2 E. D. Smith, 157; *Wells* v. *Kelsey*, 15 Abb., 53; *Guillaume* v. *Hamburgh Co.*, 42, N. Y., 212; *Wilson* v. *Vt. R. R. Co.*, 42 Vt., 200.)

*J. L. Overfield* (*A. J. Parker* with him), of counsel for respondents, insisted that the facts constituted a conversion. (15 Abb., 53; 19 How., 309; 1 Wils., 328; 6 Wend., 603; 10 id., 349; 11 id., 80; 20 id., 267; 22 id., 285; 23 id., 462; 4 Den., 323; 5 id., 240; 10 John., 175; 31 N. Y., 490.)

Allen, J.   The defendants were charged for the conversion of the goods upon evidence of a demand and a refusal to deliver them.   If the demand was by the person entitled to receive them, and the refusal to deliver was absolute and unqualified, the conversion was sufficiently proved, for such refusal is ordinarily conclusive evidence of a conversion; but if the refusal was qualified, the question was whether the qualification was reasonable; and if reasonable and made in good faith, it was no evidence of a conversion. (*Alexander* v. *Southey*, 5 B. and Ald., 247; *Holbrook* v. *Wight*, 24 W. R., 169; *Rogers* v. *Weir*, 34 N. Y., 463; *Mount* v. *Derick*, 5 Hill, 455.)   If, at the time of the demand, a reasonable excuse be made in good faith for the non-delivery, the goods being evidently kept with a view to deliver them to the true owner, there is no conversion.

This action is not upon the contract of the carriers, but for a tortious conversion of the property; but the rights and duties of the defendants as carriers are, nevertheless, involved.

The defendants were bailees of the property, under an obligation to deliver it to the rightful owner.   They would have been liable had they delivered the goods to a wrong person. Common carriers deliver property at their peril, and must take care that it is delivered to the right person, for if the delivery be to the wrong person, either by an innocent mistake or through fraud of third persons, as upon a forged order, they will be responsible, and the wrongful delivery will be

treated as a conversion. (*Hawkins* v. *Hoffman*, 6 Hill, 586; *Powell* v. *Myers*, 26 Wend. R., 290; *Devereux* v. *Barclay*, 2 B. and Ald., 702; *Guillaume* v. *Hamburgh and Am. Packet Co.*, 3 Hand; 42 N. Y., 212; *Duff* v. *Budd*, 3 Brod. and Bing., 177.) The duties of carriers may be varied by the differing circumstances of cases as they arise; but it is their duty in all cases to be diligent in their efforts to secure a delivery of the property to the person entitled, and they will be protected in refusing delivery until reasonable evidence is furnished them that the party claiming is the party entitled, so long as they act in good faith and solely with a view to a proper delivery. The circumstances of this case, the very defective address of the parcels, and the omission of the plaintiff to produce any evidence of title to the property or identifying him as the consignee, justified the defendants in exercising caution in the delivery, and it should have been submitted to the jury whether the refusal was qualified, as alleged by the defendants; and if so, whether the qualification was reasonable, and was the true reason for not delivering the goods. The judge also erred in his instructions to the jury as to the duty of the defendants, as common carriers, in the delivery of goods. They may not properly, or without incurring liability to the true owner, deliver goods to any person who calls for them, other than the rightful owner. The judgment must be reversed and a new trial granted, costs to abide event.

All the judges concurring, judgment reversed and new trial ordered.