Barbour, C. J. (concurring).
It is well established that a contract between a common carrier and a person who delivers goods to him to be carried in the line of his business, which provides that the former shall not be liable for the whole value of the goods injured or lost by his gross negligence or wrongful act, or that of his servants, is, pro tanto, void, not only as against] public policy, but because such exemption would, if valid, abrogate and destroy the obligation and contract to carry the goods and deliver them to the consignee, or to pay for them. It would simply be an undertaking on the part of the carrier to keep the goods safely, and transport and deliver them, unless he should see fit not to do so (1 Redfield on Carriers, § 138; Story on Bailm. § 571; 2 Greenl. Ev. § 218 ; Beck v. Evans, 3 Camp. 267; Smith v. Horn, 8 Taunt. 144; Sleat v. Flagg, 5 Barn. & Ald. 343; Wright v. Snell, Id. 350; Guillaume v. The Hamburg & Am. P. Co. 42 N. Y. 212; Cole v. Goodwin, 19 Wend. 251; Lamb v. The Camden & Amboy *188 Tr. Co., 46 Id. 271). That portion of the charge which directed the jury, substantially, to render a verdict for the value of the goods in case they should find they were not delivered in Memphis because of the gross negligence of the defendants, was, therefore, correct and proper. The question remains as to whether the evidence was sufficient to justify the finding.
It is quite true that the burden of proving the carriers’ negligence rested upon the plaintiffs (2 Greenl. JBfo. § 218). But the negligence in this case consisted not in any act done by the defendants, but in their failure or omission to perform the duty with which they had charged themselves as common carriers, and by their contract or receipt. That duty or obligation was threefold : first, to keep the goods safely; secondly, to transport them to the place of destination, and, thirdly, to deliver them there to Merriman & Co.; and the proof given upon the trial, that the defendants had failed to perform those duties, "was primá-facie evidence of negligence (Burnell n. The N. Y. Cent. R. R., 45 N. Y. 184). If no other facts and circumstances favoring the defence had appeared in the case, therefore, the fact that the goods were not delivered would have established the negligence of the carriers conclusively; and, no excuse, or reason, being given by them for their failure to deliver the goods, the jury would probably have been justified .in finding such negligence to have be.en gross. But, of course, the legal presumption of negligence, arising from the mere proof of non-delivery, must be considered as destroyed, if there was sufficient evidence to show that delivery was impossible, because the goods had been lost by fire, or otherwise, as was the fact in Lamb The Cam. & Am. Tr. Co. (supra); and, in that case, the onus of proving that the loss was occasioned by reason of some neglect of the carriers was cast upon the pilaintiffs.
Upon the trial here, it was fully proven that the box, *189 or package, in which the goods were inclosed when delivered to the defendants, with some smaller boxes, which were then in it, was found by the plaintiffs in the coroner’s office, in Brooklyn, several months after the goods were so delivered, the boxes having been opened, and the watches, and other articles originally packed therein, having been extracted and removed. This evidence of the loss of the goods was, doubtless, sufficient to remove the presumption of negligence arising from the proof of non-delivery by the carrier, and rendered it incumbent upon the plaintiffs' to show some negligent omission of duty on the part of the defendants, through or because of which the goods were thus lost. No attempt was made by them to do that, and there is, therefore, nothing in the case tending to show that the goods in question were not stolen from the defendants, notwithstanding all due and proper precautions were taken by them and their servants for the protection and safekeeping of the property. The evidence before the jury, therefore, was not sufficient to j ustify a finding by them, that the defendants were guilty of gross, or any, negligence in regard to the performance of their duties ; and, for that reason, the judgment should be reversed and a new trial directed, with costs to abide the event.