By the Court.—Sedgwick J.
The bill of sale did not reserve to the party making it the right of possession, but gave her a right of redemption. All else *225 was given to the plaintiff, and she was entitled to the possession against the defendant.
The defendant’s claim to withhold possession is not valid. It is placed upon the terms of the contract of storage, as contained in a storage receipt made by defendant. But the facts show that the furniture had been stored for more than two weeks before the defendant presented the special receipt, and its terms no where appear to have been assented to by the owner or her agent. Again, the defendant attempted to impose the special terms upon the general contract of storage, for the first time, on the occasion of the plaintiff’s demand, for then first was the receipt of storage produced. Again, the receipt as drawn by him did not in its terms justify his refusal. The form of the receipt was such as to make it at least doubtful whether the special clauses were a part of any contract, or anything more than notice to the party storing goods. Under any circumstances, there would have to be evidence of assent to their provisions, and there was none in this case. But these clauses did not require absolutely a written order. They required either a written order (to be made by whom is not specified) or presentation of the original receipt. In this case the written receipt had been just presented by the defendant, and was there when the demand was made. The person with the plaintiff was the one who had made the delivery to the defendant, and was there to identify the plaintiff as the vendee named in the bill of sale. The defendant made no request to examine into the genuineness of the bill of sale.
If the former owner had at the time of storage made an agreement that the defendant was not bound to deliver except upon the written order of that owner, it would not justify the defendant in refusing to deliver to a person succeeding to the ownership until such a written order was procured. It was not a lien, *226 It had no relation to the fact of title or ownership. Under no circumstances, was the defendant authorized to deliver to one not entitled to possession. The law gives him reasonable time to inquire if the party demanding the property is entitled to possession (Ball v. Liney, 48 N. Y. 6; McEntee v. New Jersey Steam Co., 45 N. Y. 34). At the most, it is an agreement by the party assenting to it, a breach of which is without damage. In case of well founded doubt as to who is the owner, the bailee can bring his action in the nature of an action of interpleader (Ball v. Liney, supra), but for his convenience, or even for his interest, he should not be permitted to keep the owner’s right dependent upon the action of a party who has ceased to have any interest to give the written order.
The judgment should be reversed, and a new trial granted, with costs to appellant to abide event.
Monell, Ch. J., concurred.