William Thomas, Respondent, v. Pacific Express Company, Appellant.

St. Louis Court of Appeals, March 27, 1888.

1. Practice—Issue of Fact.—When material facts are in issue and there is any evidence tending to prove them, the case must go to the jury.

2. Express Company—Identification of Property Owner.—A consignor of goods which were not delivered at their destination, but were brought back to the place of shipment, may demand their return to him, and cannot be denied them by the application of a rule of the express company for the identification of consignees.

Appeal from the St. Louis Circuit Court, Hon. James A. Seddon, Judge.

*Affirmed.*

Davis & Davis, for the appellant: The moment the package was ordered returned to the consignor he occupied the position of consignee of the package. Express companies are different from banks in this, that the latter can choose their customers. *Bank v. Ginocchio*, 27 Mo. App. 661. It is incident to every corporation to enact by-laws or statutes for the control and conduct of its business generally. Redfield on Railways [6 Ed.] 82, *88.

Lodge & Talty, for the respondent: A refusal to deliver up a chattel without a lawful excuse amounts to a conversion. *Huxley v. Hartzell*, 44 Mo. 372; *O'Donoghue v. Corby*, 22 Mo. 393; *State to use v. Berning*, 74 Mo. 95; *Neiswanger v. Sneer*, 73 Mo. 192. The appellant had no lawful excuse for refusing to deliver the goods to respondent. It signed and delivered to respondent a written contract. In it nothing whatever is said about identification of the consignee even. It is "the best evidence of his contract with the company." *Davis v. Railroad*, 53 Mo. 320; *McGinniss v. Railroad*, 21 Mo. App. 399; *Miller v. Dunlap*, 22 Mo. App. 97. The return of the goods to respondent did not make him a consignee. When appellant found it could not deliver the goods "it then became its duty to notify the consignor and return the goods to him." Redfield on Carriers, secs. 55, 61; *Cramer v. Exp. Co.*, 56 Mo. 524, and cases cited; *Lesinsky v. Dispatch Co.*, 13 Mo. App. 575. There is not one word of evidence in the record going to show that respondent had any notice or knowledge of this so-called rule at or prior to the date of the contract. Nor does it appear that appellant, at any time, explained to him about the same. Nor did it show how long the rule had been in force, consequently it did not show that it was so notorious, universal, and well established that his knowledge of it would be conclusively presumed. *Brown v. Strimple*, 21 Mo. App. 342; *Walsh v. Trans. Co.*, 52 Mo. 438; *Coquard v.*

*Bank*, 12 Mo. App. 266. And "a custom, however well established, can never be permitted to prevail so as to make the rights and liabilities of parties other than they are at law." *Ober v. Carson*, 62 Mo. 210.

PEERS, J., delivered the opinion of the court.

This action was begun before a justice of the peace in the city of St. Louis upon the following statement:

"Plaintiff states that defendant is, and at the times hereinafter stated was, a corporation; that the plaintiff is, and at the times hereinafter stated was, the owner and entitled to the possession of the following specific personal property, to-wit, one silk dress of the value of forty-nine dollars, one pair of hose of the value of fifty cents, and one pair of gloves of the value of fifty cents; and that plaintiff being so the owner of said personal property, defendant converted said property to its own use, to-wit, on the twenty-eighth day of February, 1887. Wherefore plaintiff prays judgment for fifty dollars and costs."

On the twentieth day of March, 1887, this cause was heard in the justice's court and a judgment rendered for the plaintiff for the amount sued for. From this judgment the appellant appealed, and on the ninth day of November, 1887, the case came on for trial in the circuit court, and was heard by the court sitting as a jury, where again the issues joined were found in favor of respondent. Appellant filed its motion for a new trial, which being overruled, it brings the case here by appeal.

The evidence shows that, on the fourteenth day of December, 1886, the defendant received the goods sued for from plaintiff to forward to Sandy Point, Texas, a place where neither the defendant nor its connecting lines had an office, receiving, as a consideration therefor the sum of seventy cents, and giving respondent a written contract or receipt acknowledging the receipt of the goods; that the goods were received at, and this contract issued from, the office of the appellant, near the corner of Thirteenth and Poplar streets, in the city of St.

Louis, by appellant's agent in charge of that office ; that about one month thereafter respondent called and informed this agent that the goods had not been delivered at their destination, and was by him instructed to go to appellant's office on Fourth and St. Charles streets, that being the return office. Respondent did so and the clerk in charge ordered the goods returned on January 31, 1887, being a month and a half after appellant had received them. Respondent was . informed that the goods would be returned in two or three days, at the end of which time he called for them, and called a second time, when he .was told they. would be ordered returned again, which was done on February 14, 1887 ; that when they were returned respondent was notified to call for them, which he did at once, exhibiting his receipt given to him when he shipped the goods, and after being shown the goods said they were his and he would like to get them ; that thereupon another one of appellant's agents in said office objected, saying he could not have the goods, that he would have to.be identified ; that the next day the respondent came to appellant's office accompanied by a gentleman for whom he had worked in this city for the last five years, he being the only person with. whom he was acquainted that he believed could identify him, as demanded by the appellant at its office ; .this gentleman stated that he came to identify respondent, when, without asking who he was, he was told they did not know respondent or him either, telling respondent to get a letter from a Mr. Dickinson, a person whom he did not know and who was not acquainted with him ; respondent exhibited said contract to defendant's agents, stating that he was the W. Thomas named therein, that he was the owner of the goods,. and demanded possession of them, which was refused. Appellant admitted the value of the goods to be fifty dollars ; that respondent had been employed by the Bee Line Railroad Company, at the Union Depot for a period of about twelve years ; that the goods sued for were consigned by him to his sister at Sandy Point, Texas,

and were sent as a Christmas gift, and partly for a debt he owed; that appellant did not tell him that "everybody" must be identified before they could get a package, but simply informed him that he would have to be identified.

To this testimony an instruction in the nature of a demurrer to the evidence was offered, which was by the court refused, and this court is asked to reverse the case on account of the error of the lower court in refusing to give this instruction. The rule is well settled, as to a demurrer to the evidence, that if there is any evidence tending to prove the issue of fact, the case must go to the jury. *Groll v. Tower*, 85 Mo. 251; *Smith v. Hutchinson*, 83 Mo. 683. Whenever there is a question of fact involved and there is any evidence tending to prove it, it should always be submitted to the jury. *Smith v. Railroad*, 37 Mo. 287. While the testimony in the case at bar is not as clear or as strong as it might be, yet, in view of the cases above referred to, we are not prepared to say that there was no evidence tending to prove the issue of fact. Hence, the court committed no error in refusing the instruction complained of.

The defendant thereupon gave evidence tending to show that the packages when shipped are received at one place, and when received for delivery, at another, and that the defendant's agents at the two places are different; that the defendant had, years previous to this shipment, adopted a rule in the transaction of its business to guard against misdelivery of packages entrusted to its care; that this rule was as follows: "When the *consignee* of a valuable package is personally unknown, he must be identified by some responsible person. The presentation of the company's receipt is not sufficient, and the name of the person identifying must be signed by the party receiving, upon receipt-book. No express matter, however valueless it may appear, should be delivered to *a stranger without reasonable evidence* that the party claiming it is entitled to receive it." At the close of the evidence the defendant asked an instruction

based upon this rule, which the court gave. The appellant now contends that under this instruction the court should have found for the defendant, as the existence of the rule was not disputed.

This contention is untenable. The plaintiff was not within the letter of the rule, as he was not a consignee. Nor was he a stranger since he was defendant's bailor, and *quo ad hoc* its principal. But even if he could be construed to be a stranger it was for the court, sitting as a jury, to find on all the evidence, whether the evidence he furnished, that he was the party entitled to receive the package, was reasonable. *McEntee v. Steamboat,* 45 N. Y. 34.

These being the only questions presented by the record for our determination, it follows that the judgment of the trial court must be affirmed. The other judges concurring, it is so ordered.