·25 Misc. Rep. 693.)

## HALBRAN v. GRAY.

### (Supreme Court, Appellate Term. January 23, 1899.)

1. CONVERSION—DEMAND AND REFUSAL TO DELIVER.

    To constitute a conversion of a note lawfully in one's possession, there must be not only a demand on him for the note, but a refusal on his part to surrender it.

2. SAME—PLEADING—ADMISSIONS.

    In an action for conversion of a note, an admission in the answer "that demand has been made upon [defendant] for the delivery of said note, and that he has not delivered it." is not an admission of a refusal to deliver.

3. SAME—EVIDENCE—MOTION TO DISMISS COMPLAINT.

    The objection that a demand and refusal to deliver has not been proved, in an action for conversion, may be raised by motion to dismiss the complaint.

Appeal from city court of New York, general term.

Action by Adolphe Halbran against Robert J. Gray. From a judgment of the general term of the city court (51 N. Y. Supp. 1142) affirming a judgment entered on a verdict in favor of plaintiff, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Blandy, Mooney & Shipman (Fred. A. Card, of counsel), for appellant.

William W. Bryan, for respondent.

GILDERSLEEVE, J. This action was brought to recover damages for the alleged conversion of a promissory note. The note had been delivered to the defendant as collateral security for the performance of a contract by the plaintiff. The plaintiff claimed the right to the possession of the note, by reason of the alleged cancellation of the contract by the defendant in forcibly ejecting the plaintiff from the premises, in which the plaintiff was at work under the contract. Among the assignments of errors, urged as grounds for reversal, is the claim by the appellant that the complaint should have been dismissed for the failure of the plaintiff to prove a refusal by the defendant to deliver the note. The alleged conversion seems to have been properly pleaded by the plaintiff. The answer admitted "that demand has been made upon him [defendant] for the delivery of said note, and that he has not delivered it." Further on, the answer contains a general denial of each and every allegation in the complaint not thereinbefore admitted or denied. The defendant being lawfully in possession of the note, it was necessary, in order to establish conversion, to prove, in addition to the admission by defendant of a demand, a refusal to deliver up the note. See Castle v. Bank, 148 N. Y. 122, 42 N. E. 518. The record is barren of proof tending to show refusal. The plaintiff seems to have assumed that the statement in the answer "that demand has been made upon him for the delivery of said note, and that he has not delivered it," was an admission of demand and refusal. The language will not, under the authorities, warrant such an assumption. Failure to deliver, when demand

is made, is not equivalent to refusal. It is important to know the particulars of the refusal. Not every refusal is evidence of conversion. See McEntee v. Steamboat Co., 45 N. Y. 34. It does not appear whether the demand was made before or after the alleged breach, upon which plaintiff relied as entitling him to a return of the note; nor is there any proof of word or act from which refusal can reasonably be inferred. The objection is fairly raised by the motion of defendant to dismiss, and we consider it fatal to the judgment.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.