■ JOSEPH D. HILL, Respondent, v. MARION L. SEVERN, Appellant.— AULISI, J. Appeal from an order of Supreme Court at Special Term, County of Albany, which denied defendant's motion for an order dismissing the complaint and for summary judgment on defendant's counterclaim and which granted plaintiff's cross motion for an order dismissing the counterclaim and scheduled a hearing on the issue of the amount due plaintiff. It is clear beyond dispute that the intent of the order appealed from was to grant summary judgment to plaintiff and direct an assessment of damages (CPLR 3212, subd. [c]) and that the purported denial was only of immediate monetary damage. Both of the parties here are attorneys. The appellant on October 25, 1963, retained respondent to represent her in the sale and transfer of certain real property she owned in Ulster County. She agreed to pay him 3% of the purchase price for his services. Respondent, thereafter, performed several functions for the seller. These services included some negotiating with a broker and receiving a deposit of $2,200 on the $25,000 sale price from the proposed purchaser to be held in escrow pending completion of the sale which was scheduled for November 22, 1963. The respondent on November

12, 1963, was discharged by appellant for what she thought was good cause but which Special Term, as do we, concluded was without good cause. She demanded that he turn over to her the $2,200 check and the papers she had sent him concerning the sale. Respondent protested. He contended that he was being discharged without cause and refused to return anything until he was paid his fee of $750. Upon hearing on December 2, 1963, that the closing had taken place as scheduled, the plaintiff retained $750 and sent a check for the remaining $1,450, together with the papers he was holding to defendant. The tender of $1,450 was refused by appellant who again demanded a return of the entire $2,200, whereupon respondent instituted this action for his fee. An attorney discharged without adequate cause before completion of his duties is entitled to a fee on a *quantum meruit* basis (*Matter of Montgomery*, 272 N. Y. 323). It is our belief that Special Term was correct in granting partial summary judgment and setting a hearing for the only triable issue, namely, the amount due respondent (CPLR 3212, subd. [c]). Appellant's contention that the complaint was not seeking recovery on a *quantum meruit* theory is erroneous, especially in view of paragraph VI thereof which alleged that plaintiff was "entitled to receive from the defendant as compensation for his legal services the sum of Seven Hundred Fifty dollars ($750.00), which is fair and reasonable". The contract fee of $750 is only one of the measures in a *quantum meruit* recovery which Special Term may consider upon the hearing to determine respondent's fee (*Matter of Tillman*, 259 N. Y. 133). The Special Term was correct in finding no merit in the contention of appellant that respondent's withholding of the $750 was a conversion, since his retaining of that sum was for a reasonable purpose, i.e., to determine the validity of his charges (*Bradley* v. *Roe*, 282 N. Y. 525; *McEntee* v. *New Jersey Steamboat Co.*, 45 N. Y. 34; Prosser, Torts [2d ed.], § 15, p. 75). While money held in escrow is held in trust and the depositary is a trustee (*Farago* v. *Burke*, 262 N. Y. 229), it is contended here that upon the title closing the fund came into defendant's sole and unrestricted ownership and, therefore, was fully lienable. We consider that the problem will best be met, however, by the deposit hereinafter directed, consistent with the demand set forth in the complaint. Judgment modified, on the law and the facts, so as to provide that, pending the assessment of damages, the sum of $750 be deposited in Supreme Court, Ulster County, to the credit of this action and that defendant be adjudged the owner of the balance of the fund, that is, the sum of $1,450; and, as so modified, affirmed, with costs to respondent. Gibson, P. J., Herlihy, Reynolds and Hamm, JJ., concur.