(54 App. Div. 244.)

### WESTERVELT et al. v. PHELPS et al.

(Supreme Court, Appellate Division, First Department. November 9, 1900.)

ATTACHMENT—OWNERSHIP OF PROPERTY—FACTORS.

> Shipping merchants in New York, in addition to their business as carriers, received consignments of merchandise from foreign shippers, and made advances thereon. A foreign shipper delivered certain goods, and received advances thereon from such merchants' agents, indorsing to such agents his bill of lading, who in turn indorsed it to such merchants. The goods were sold in New York, and a balance remaining after paying such advances and shipping charges and expenses was attached as the property of the shipper. The invoice of the goods was made out as of goods of the shipper, the catalogue of merchandise sold by such merchants referred to the consignment as the shipper's goods, and the instructions given by the agents to the New York house stated that the consignment was for the account of such shipper. *Held* sufficient to show that the title to the goods remained in the shipper, notwithstanding the indorsement of the bill of lading, subjecting such balance to attachment as the property of the shipper.

Appeal from trial term, New York county.

Action by Otto W. P. Westervelt and another, composing the firm of W. H. Westervelt & Co., against George A. Phelps and others, composing the firm of Phelps Bros. & Co. From a judgment for plaintiffs on a verdict directed by the court, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Lorenzo Ullo, for appellants.

Frederic W. Hinrichs, for respondents.

PATTERSON, J. The defendants appeal from a judgment entered upon a verdict directed by the court in an action brought by Westervelt & Co., attaching creditors, and the sheriff of the city and county of New York, to recover a sum of money in the possession of the defendants, and which, it is alleged in the complaint, belongs to the defendant in the attachment process. In their answer in this action these defendants disclaim ownership of the money, but set up that they hold it for other parties, to whom they are liable to account for it. The issue tried and determined related only to the subject of ownership. Both the plaintiffs and defendants asked for the direction of a verdict, and, the appeal being from the judgment alone, we are to inquire if there is evidence to support the direction given, and a consequent liability of the defendants, as matter of law, under that evidence. On the issue of ownership the material facts may be briefly stated: The defendants were shipping merchants, having an office at Liverpool, and another at the city of New York. In addition to their business as carriers, they received consignments of merchandise from foreign shippers, and made advances of money thereon. All advances were made by the Liverpool house, or its agents, at the place at which the goods were shipped. Such goods were brought to New York on the defendants' vessels, and were sold generally

at auction, the proceeds of sale being applied to the payment of advances and charges, and any balance arising in favor of the shipper or owner of the goods was remitted to the Liverpool house. On the 19th of June, 1897, Vincenzo Canepa, the defendant in the attachment process, shipped at Palermo, in Italy, upon one of the defendants' steamships, 190 boxes of lemons, to be carried from the port of shipment to New York. He received bills of lading which recited that he was the shipper, and that the goods, on arrival, were to be delivered "unto order, or to his or their assigns." Messrs. Lagana & Co., of Palermo, were agents of the defendants, authorized to make advances upon shipments of merchandise; and that firm did advance for the defendants to Canepa a sum of money upon the goods mentioned in the bill of lading, and that bill of lading was indorsed by Canepa to Lagana & Co., who in turn indorsed the same bill of lading to these defendants. It appears that all the shipping documents were sent by Lagana & Co. to the defendants' house at Liverpool, who forwarded them to the house at New York, where, after their arrival, the goods were sold at auction, the amount of the advances and charges were realized, and the resulting balance remitted, after the attachment was levied, to the defendants' house at Liverpool.

It was incumbent upon Westervelt & Co., as creditors of Canepa, to show that the balance attached belonged to him, and that burden has been sustained. The defendants' position seems to be that title to the merchandise or to the proceeds of sale, after deducting charges, was in Lagana & Co., by force of the relations established by the bill of lading, and that inasmuch as these defendants were transferees of that bill of lading, merely to secure them for their advances, and those advances being fully paid, Lagana & Co. are to be regarded as the real owners under the bill of lading; or, to state it in another form, the claim is that the defendants were bound to recognize Lagana & Co. as holding the legal title to the balance of the proceeds of the sale of the lemons, because the indorsement by Canepa of the bill of lading to Lagana & Co. passed to them the legal title to the goods, and, the defendants' demands being satisfied, that legal title remains in Lagana & Co. The rights of these parties are not dependent upon relations established by the bill of lading alone. The delivery of a bill of lading is doubtless a good symbolical delivery of the goods mentioned in it, and title and possession will be presumed to have passed by indorsement of it to a particular person (Mechanics' & Traders' Bank v. Farmers' Bank, 60 N. Y. 40; Bank v. Pfeiffer, 108 N. Y. 250, 15 N. E. 311), and often by the delivery of the bill of lading without indorsement (City Bank v. Rome, W. & O. R. Co., 44 N. Y. 136; Merchants' Bank v. Union R. & Transp. Co., 69 N. Y. 379). But a bill of lading is not conclusive evidence as to the ownership of the goods described in it. It may be explained or rebutted by parol evidence. Bailey v. Railroad Co., 49 N. Y. 70. It raises a presumption of title, but that may be rebutted by evidence showing that the consignor, and not the consignee, is the real owner. Price v. Powell, 3 N. Y. 322. By the indorsements of the bill of lading in

this case, the title and possession was in Phelps & Co. Their disclaimer of ownership of the balance in their hands does not necessarily leave the title to that balance in Lagana & Co. It was open to the plaintiffs to show, from the whole transaction, to whom those proceeds in reality belonged, and there was sufficient in the proof to show that Canepa was the owner. He made the shipment. He received the advances from Lagana & Co., agents of the defendants Phelps. There is nothing to show that Lagana & Co. advanced a dollar for their own account, or in any way became connected with the transaction, except strictly as agents of Phelps & Co. All the documentary evidence shows that Canepa remained the owner, subject to Phelps & Co.'s advances. The invoice was made out of goods shipped by Canepa. All the ship's documents so state. The catalogue of merchandise sold by the defendants in New York, including the consignment in question, refers to that consignment as Canepa's goods. The instructions given by the defendants' Liverpool house to the New York house respecting the 190 boxes of merchandise declared the consignment to be "for account of Vincenzo Canepa," and the account of sales sent by the New York house to the Liverpool house of the 190 boxes states that the merchandise came from Palermo for the account and risk of Mr. V. Canepa. There was, therefore, enough to sustain the finding of the trial judge that the balance really belonged to Canepa, in the absence of any proof that Lagana & Co. had any other relation to the transaction than that of agents of the defendants.

There is no other question in the case requiring consideration, and the judgment should be affirmed, with costs. All concur.