JOHN FOWLER & COMPANY, Limited *v.* ROBERT CATTON and GEORGE W. MACFARLANE.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED MARCH 25, 1901.     DECIDED JULY 26, 1901.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

The agent or factor who sells the goods of his principal on commission, and collects the money for the same, holds such money as a *quasi* trustee for his principal and where the facts show the existence of a fiduciary or confidential relation a court of equity will maintain a bill against the agent or factor for an accounting.

The verification of a bill in equity may be made by the plaintiff or some one in his behalf to the best of his knowledge and belief.

In a bill for an accounting it is necessary to allege a demand, and refusal, prior to filing the bill.

## OPINION OF THE COURT BY GALBRAITH, J.

The complainant filed a bill in equity for an accounting, alleging that it is a foreign corporation organized and existing under the laws of the kingdom of Great Britain; that the respondents are residents of Honolulu; that in January, 1893, the respondents were duly authorized to act jointly as its agents within the Hawaiian Islands "and as such agents were authorized to negotiate sales of machinery, steam plows, and other goods, wares and merchandise within the scope of the business conducted by your orator, and to receive pay therefor from purchasers;" and that upon all sales made the respondents were entitled to receive certain commissions as their compensation; that the respondents accepted said agency and performed the duties of the same from January, 1893, up to February 28, 1899; that in pursuance of said agency the respondents effected many sales of its said goods and machinery, and that the respondent Catton collected and received large sums of money aggregating many thousands of dollars in payment of such goods and machinery; that a considerable portion of which sums aggregating upwards of thirteen thousand dollars the said respondent wrongfully withholds from your orator; that the exact amount so wrongfully withheld by respondent Catton cannot be stated for the reason that "the number and nature of all the sales and the amount of the proceeds thereof is not known to your orator but lies within the knowledge" of said respondent; that the respondent Catton wrongfully refuses to account for a large portion of the proceeds of the sales made and collected as aforesaid and "wrongfully withholds and refuses to pay the same over to your orator as in equity and good conscience he is required to do;" that the said account "is long and complicated and covers many transactions extending over a considerable period of time and all of which transactions were of a confidential nature as between said respondent and your orator;" "that the said account is still open, unpaid and unsettled and the nature of said account is such that it cannot be conveniently

and properly adjusted and settled in an action at law and can only be properly taken in a court of equity."

The prayer of the bill is for summons and answer but answer under oath is waived; that the respondents be required to make a full and true discovery and disclosure of and concerning all and singular the transactions and matters aforesaid and that an account of all of said dealings be taken under the direction of the court; that the amount found due your orator from either of the respondents be ordered paid and for costs and general relief.

The bill is verified by one of the solicitors for the complainant as follows, to-wit, "that he knows the contents of the foregoing bill of complaint and that the allegations thereof are true to the best of his knowledge and belief; that all the officers of the plaintiff are absent from the jurisdiction of this court and affiant makes this verification in its behalf."

There was no service on or appearance by Macfarlane. The respondent Catton appeared by attorneys and interposed a demurrer to the said bill alleging as grounds and reasons therefor as follows: 1. Imperfect verification. 2. Want of equity in bill. 3. That the complaint does not state facts sufficient to constitute a cause of action. 4. That the bill is ambiguous, unintelligible and uncertain.

After hearing and argument the Circuit Judge sustained said demurrer on the ground (1) of uncertainty in said bill and (2) because the court had no jurisdiction over the matters and things in the complaint set forth, and ordered the bill dismissed. The complainant then filed a motion asking for five days' time in which to prepare and file an amended bill of complaint without showing the character of the amendments proposed to be made. This motion was denied and a decree signed and entered dismissing the bill as to the defendant Catton with costs.

The complainant comes to this court on appeal from this decree.

The jurisdiction of a court of equity, if any, in this case must be sustained on one or more of three grounds. (1) That there

were mutual accounts between the parties; (2) That the accounts were all on one side but were long and complicated; (3) That a confidential or fiduciary relation existed between the parties. (Pomeroy's Eq. Jur. Sec. 1421.)

No claim is made on the first ground. While the bill alleges that the accounts are long and complicated there are not sufficient facts set forth to support this allegation. The principal claim for the jurisdiction is based on the third ground.

It was conceded by counsel at the oral argument that if the allegations of the bill showed the existence of a fiduciary or confidential relation between the parties the court had jurisdiction of the case.

"The principal difficulty is as to when equity will take jurisdiction of an accounting between principal and agent. The mere relation of principal and agent without more—the relation not being fiduciary in its nature, and no obstacle intervening to a recovery at law—is insufficient to enable a principal to maintain the action against his agent. * * * But where the relation is such that a confidence is reposed by the principal in his agent, and the matters for which an accounting is sought are peculiarly within the knowledge of the latter, equity will assume jurisdiction." (Pomeroy's Eq. Jur. Sec. 1421, note 1.)

The Supreme Court of New York said "such an accounting, when decreed between parties standing in a confidential relation, and followed by proof of money or property intrusted to the agent, throws upon the latter the burden of rendering an account and an explanation, and requires him to show that his trust duties have been performed and the manner of their performance. Such a decree proceeds upon the ground that the defendant stands in the attitude of an agent dealing to some extent with the money or property of the other party; intrusted in a confidential relation with an interest which makes him a quasi trustee, and by reason of that relation knowing what the other party cannot know, and bound to reveal to him the entire truth. The equitable jurisdiction has always rested largely upon such relation of confidence, involving the need of discovery and the duty of explanation, and hence the burden of such explanation

and the proof of its truth fell, in such cases, upon the defendant whose conduct was questioned, whenever an accounting was decreed, and required of him the extreme of good faith." *Marvin v. Brooks*, 49 N. Y. 75-76.

The Lord Chancellor in *Foley v. Hill*, also said: "Now as between principal and factor, there is no question whatever that that description of case which alone has been referred to in the argument in support of the jurisdiction has always been held to be within the jurisdiction of a court of equity, because the party partakes of the character of a trustee. Partaking of the character of a trustee, the factor—as the trustee for the particular matter in which he is employed as factor—sells the principal's goods, and accounts to him for the money. The goods, however, remain the goods of the owner or principal until the sale takes place, and the moment the money is received the money remains the property of the principal. So it is with regard to an agent dealing with any property; he obtains no interest himself in the subject matter beyond his remuneration; he is dealing throughout for another, and though he is not a trustee according to the strict technical meaning of the word, he is quasi a trustee for that particular transaction for which he is engaged; and therefore in these cases courts of equity have assumed jurisdiction." 2 House of Lords Cases, pp. 35 and 36.

The bill alleges that the plaintiff is a resident of London, England; that it made defendants its sole agents for Hawaiian Islands and entrusted to them large quantities of its goods for sale on commission with authority to sell the same and to collect the money therefor; that the defendants have in their possession unaccounted for a large sum of plaintiff's money so received; that said account is still open, unpaid and unsettled; that the knowledge relative to the amount of sales and money due is peculiarly within the defendants' knowledge, etc.

The defendants' counsel concede that if the defendants had been authorized to reinvest or otherwise use the proceeds of sale of the property that a relation of trust and confidence would have existed between the parties. This additional authority, it

seems, would only make clearer the relation of the parties but would not in the least change the character of that relation as established by the allegations of the bill. The plaintiff must have had a high degree of faith and confidence in the business integrity of the defendants when it made them its exclusive agents for the sale of its goods in a territory eight thousand miles from its home office and entrusted to them large quantities of its property with full power to bargain and sell the same and to collect the money therefor. The property delivered to the defendants remained the property of the plaintiff and the money when collected on sales was the money of the plaintiff. The only interest the defendants had in the money was the amount of their commissions. There was more than the simple relation of debtor and creditor existing between these parties. No matter whether the facts show that the parties were principal and agent or principal and factor the conclusion is inevitable that a confidential relation existed between them. The defendants stand in the position of a *quasi* trustee to the funds in their hands and a court of equity has jurisdiction to decree an accounting. *Portland S. S. Co. v. Dana*, 52 N. E. 524; *Drovers Bank v. Roller*, 36 L. R. A. 768; *Capitol Bank v. Coldwater Bank*, 69 N. W. 115; *National Bank v. Insurance Co.*, 104 U. S. 54.

It is true that the allegations of the bill in some respects are not as specific and definite as might be desired, still defects of this character may be the subject of amendment and as plaintiff's counsel has conceded imperfections along this line, it is not considered necessary to particularize.

Another ground for the demurrer was that the bill was not properly verified. In the absence of any rule of court in this territory on the subject section 1215 of the Civil Laws might control. This statute it will be observed, only requires that the pleading shall be verified to the "best of his knowledge and belief." This statute excepting the last clause was enacted in 1848. (See Statute Laws, 1848, p. 11, Sec. 1.) After the decision in the case of *Morgan v. Manuel*, 1 Haw. 292, the

statute was amended by adding the last clause as it now stands, i. e. "deposing to the best of his knowledge and belief." If this statute only applies to actions at law, then the court by analogy ought not to require any stronger verification in suits in equity than in actions at law, and the verification in this case ought to be held sufficient. Under the old chancery practice it seems that no verification whatever was required in a case of this nature. See Daniel's Chan. Pl. and Pr. p. 392; *Woodworth v. Edwards*, 3 Wood & m. 120; *Jerome v. Jerome*, 5 Conn. 352; *Bennett v. Waller*, 23 Ill. 97.

It is further urged that there is no allegation of a demand for an accounting prior to the filing of the bill and that this is a fatal defect.

We understand the general rule to be, in suits for an accounting, that a demand must be alleged and proved (1 Ency. P. & P. p. 98); however some courts distinguish between a suit for an accounting and an action for not paying over the proceeds of the goods, holding that in the former case an action can be maintained without a demand while in the latter it cannot. This holding is on the theory that it is the duty of an agent to account to his principal within a reasonable time but that it is not his duty to pay over the money until demand is made and direction given how to remit. *(Cooley v. Betts*, 24 Wend. 202.) In an early case in this jurisdiction the court ruled on this question in favor of the present defendants' contention. In a suit for an accounting where the objection was made that no demand was alleged in the bill the court said, "It is very evident that in law and equity a demand for an account under agreement of this nature should be made, and if denied in the answer must be proved. It is equitable that the party should have an opportunity to account, and pay, without a suit, and if no time is specified when this shall be done, it is reasonable that he should have notice, before being subjected to the annoyance and expense of a suit. It should be alleged in the bill that a demand has been made, and refused, and I regard this cause of demurrer as sound in law." *Kaelikolani v. Robinson*, 2 Haw. 440. The

court in this case held that the failure to allege a demand was fatal to the action, "unless the plaintiff moves to amend the bill." We consider this doctrine to be equitable and sound. and will follow it by making a similar ruling in the case at bar. The bill does not allege a demand.

The decree appealed from will be reversed with leave to the plaintiff to move the Circuit Judge to allow it to amend its bill to conform with the foregoing opinion and for such further proceedings as may be necessary.

*Hatch & Silliman* and *Robertson & Wilder* for plaintiff.
*Kinney, Ballou & McClanahan* for defendants.