## CECIL BROWN, ADMINISTRATOR OF THE ESTATE OF DAVID B. SMITH, deceased, *v.* THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES.

### EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JANUARY 16, 1902.        DECIDED MARCH 8, 1902.

### FREAR, C.J., GALBRAITH AND PERRY, JJ.

A letter need not be produced as the best evidence, when the question is, not what was in the letter, but what was said by one who read or purported to read in part from the letter.

Harmless error is not ground for a new trial.

A demand is not a condition precedent to a right of action on a policy of life insurance which by its terms is payable on receipt of satisfactory proofs of the death of the assured.

A demand at the home office of an insurance company is not a condition precedent to a right of action there or elsewhere, even though the policy is by its terms payable at the home office of the company.

Failure of the payee to attend at the home office of an insurance company to receive payment of a policy payable there would merely enable the company to avoid payment of interest and costs by showing that it was ready to pay at its home office and by paying the amount of the policy into court.

Retention of proofs of death by an insurance company and refusal to pay on other grounds entirely would prevent the company from setting up either that the proofs were not satisfactory in form or that there was no demand, if a demand would otherwise be necessary.

An action may be brought on a policy of insurance in one place though by its terms the policy is payable in another place.

Proofs of the death of the assured furnished by a temporary administrator inure to the benefit of the permanent administrator.

The "faith and credit" clause of the constitution does not make the mere commencement of an action in one jurisdiction a bar to a similar action in another jurisdiction.

A policy of life insurance is assets in the place where it is if the insurer is doing business there and can be reached there by process.

An assured was domiciled in this Territory at the time of his death and the policy was here. An administrator was appointed here, and afterwards administrators were appointed in New York. Proofs of death were furnished by the administrator appointed here and afterwards by the administrators appointed there. Action on the policy was begun here by the administrator appointed here and afterwards there by the administrators appointed there. The policy was payable in New York, but the insurance company was doing business here and could be reached by process here. Held, that the administrator was properly appointed here and properly brought action here, and that neither the appointment of the administrators nor the commencement of the action in New York was cause for abatement of the action commenced here.

OPINION OF THE COURT BY FREAR, C.J.

This is an action on a policy of insurance for $25,000 upon the life of David B. Smith, deceased. It is brought by the administrator of his estate, who was appointed by a Circuit Judge of the First Circuit in this Territory. Another action has been brought on the same policy in the Circuit Court of the United States for the Southern District of New York by administrators who were appointed in the Surrogate's Court for the County of New York. The defendant company seems ready to pay the amount of the policy to the administrator rightfully entitled to

6-D

it, but does not care to pay it twice, and so defends in this action on the ground that it is liable to pay the administrators in New York, and, for aught that we know, is defending in New York on the ground that it is liable to pay the administrator here. If both defenses should prevail, it would escape payment altogether. This case was tried before a jury, which rendered a verdict for the plaintiff, and now comes here on exceptions taken by the defendant.

The first exception was taken to the ruling of the trial judge allowing the plaintiff to testify to what the defendant's general agent had told him as to the action taken by the defendant on receiving the proofs of death, even though the agent read a portion of what he said from a letter written by the defendant. The objection to this testimony was based on the ground that the letter itself was the best evidence of its contents. The judge ruled that the witness could not testify to the contents of the letter but that he might testify to what the agent said, whether the latter read or purported to read from a letter or not. This was not error. Even if, as defendant's counsel seem to contend was the case, the witness had been permitted to testify to the contents of the letter, it would doubtless have been harmless error, considering the whole case.

Exceptions two to seven inclusive were taken to the admission of testimony of the plaintiff to the effect that to his knowledge it had always been the usage of the defendant to pay its policies here, although by their terms they were payable in New York. Exception eight was taken to the admission of the testimony of the same witness to the effect that it was the usage here to make no other demand than by the delivery of the proofs of death. Whether such testimony was admissible or not, we need not say. See *Ins. Co. of N. Am. v. Hibernia Ins. Co.*, 140 U. S. 565 and *Hartford Life Ins. Co. v. Unsell*, 144 U. S. 439. If the admission of the testimony was erroneous, it was harmless error, in view of what follows in this opinion.

The exception that seems to be most relied on is the ninth, which was taken to the refusal of the court to grant a motion for

a non-suit based on the ground that no demand had been made on the company in New York prior to the commencement of this action. In our opinion no demand was necessary in New York or any other place. The company agreed to pay "on receipt of satisfactory proofs of the death of the said assured." This was the only condition precedent to the liability of the company to pay or to the right of the decedent's administrator to commence action, providing the policy was then in force. It is undisputed that proofs of the assured's death were received by the company before the commencement of this action, and they must be taken to have been satisfactory to the company, for it retained them without objection and based its refusal to pay on other grounds entirely. *Knickerbocker Life Ins. Co. v. Pendleton,* 112 U. S. 696, 709, and cases there cited; also *Crotty v. Un. Mut. Life Ins. Co.,* 144 U. S. 621. There is nothing in this policy that either expressly or by implication makes a demand, either in New York or elsewhere, a condition precedent to the commencement of an action on the policy. It is true, the policy was by its terms payable at the company's office in New York, and the debtor was not obliged to seek its creditor elsewhere. But the action might be brought here, for it is transitory, which is not disputed, and the only effect of bringing action, whether here or in New York or elsewhere, before attending to receive payment at the office in New York would be to enable the defendant to avoid the payment of interest and costs by showing that it was ready to pay at its office in New York and by paying the money into court, which it did not do. The right of action accrued upon the defendant's receipt of satisfactory proofs of death, without any formal demand. *Wright v. Vt. Life Ins. Co.,* 164 Mass. 302; *Ganser v. Fireman's Fund Ins. Co.,* 34 Minn. 372; *Excelsior Mut. Aid Ass'n v. Riddle,* 91 Ind. 84; *Heffron v. Kittaning Ins. Co.,* 132 Pa. St. 580; *Locklin v. Moore,* 57 N. Y. 360.

It may be added that the defendant's refusal to pay based entirely on other grounds, would, on the reasoning of the cases cited above in regard to proofs of death, constitute a waiver of the requirement of a demand, if a demand were otherwise neces-

sary.  See also *Un. Cent. Life Ins. Co. v. Hollowell*, 14 Ind. App. 611.  And it seems to have been held in New York that furnishing the required proofs is a demand for payment.  4 Joyce, Ins. § 3299, citing *Freeman v. National B. Soc.*, 42 Hun. 252.

It is contended further under this exception that the plaintiff, the permanent administrator, should have informed the company of his appointment and made a demand himself, and that a demand, if one had been made, by his predecessor, the temporary administrator, would not inure to his benefit.  The proofs were furnished by the temporary administrator, though prepared by the plaintiff who was then acting for the decedent's daughter.  The proofs and the policy were taken by the temporary administrator and the plaintiff together to the defendant's general agent, who forwarded them to the defendant in New York, and in due time, the plaintiff having meanwhile been appointed permanent administrator but not then having brought this action, the agent informed him that the defendant refused to pay the policy and returned the policy but retained the proofs.  It is at least doubtful if the ground upon which the motion for a non-suit was based was broad enough to raise this question. But, however that may be, since a demand was not a prerequisite at all to a right of action, the contention is not sound.  It is not contended that the permanent administrator could not have the benefit of the proofs of death furnished by the temporary administrator, and if it were, the contention could not be sustained. The policy contains no provision as to who should present the proofs, and certainly the temporary administrator was clothed with sufficient authority to furnish them, and the company did not base its refusal to pay the permanent administrator on the ground that he did not furnish the proofs.  See *Wuesthoff v. Germania Life Ins. Co.*, 107 N. Y. 580, 592.

The cases relied on *contra* under this exception, namely, *Thorn v. City Rice Mills*, L. R. 40 Ch. Div. 357; *Friend v. City of Pittsburg*, 23 Pa. St. 143; *Emlen v. Lehigh Co.*, 47 Id. 82 and *Fowler v. Catton*, 13 Haw. 487, are clearly not in point.

The remaining exceptions, ten to eighteen inclusive, so far as relied on and not already practically disposed of above, raise the question whether in view of the alleged facts that the policy was by its terms payable in New York, that the administrator here had assets in excess of liabilities, that administrators had been appointed there and had brought suit there on this policy, the court here was not without jurisdiction to proceed in this case, or at least whether it ought not to have yielded to the courts in New York either as a matter of comity or because required to do so by the "faith and credit" clause of the Constitution and Section 905 of the Revised Statutes enacted under that clause. These exceptions were taken to refusals to admit evidence, to refusals to give to the jury requested instructions, to the giving of other instructions, to the verdict, and to the refusal to grant a new trial.

Counsel seem to lay special stress upon the "faith and credit" clause of the constitution. That and Section 905 of the Revised Statutes might require us to regard the appointment of the administrators in the Surrogate's Court in New York as valid, provided that court had jurisdiction in the matter, but it would not require an abatement of this action merely because an action had been instituted in a Circuit Court of the United States even if that action had been commenced first. See *Smith v. Lathrop,* 44 Pa. St. 326; *Stanton v. Embrey,* 93 U. S. 548. The effect of the institution of that action would depend on the application of the doctrine of *lis pendens* and not upon that clause of the constitution. No judgment has been rendered in that action. It is immaterial to this case whether the appointment of the administrators in New York was valid or not. The appointment of the administrator here also was valid. The question is whether the administrator here should under the circumstances be allowed to recover on the policy. The appointment of the administrator here preceded the appointment of the administrators in New York. The proofs of death were furnished by the administrator appointed here before they were furnished by the administrators appointed there. Action was begun here before it was

begun there. The decedent was domiciled here at the time of
his death and had long resided here, and so far as appears had
never resided in New York. The policy was applied for here,
was delivered here and was found by the present plaintiff here
among the decedent's papers after his death. The rest of the
decedent's property also was here. The administrator was ap-
pointed here on the petition of the decedent's daughter, who was
his only heir. The administrators there were appointed on the
petition of one of the decedent's aunts. The defendant has a
place of business here and a general agent here. The policy is
payable to the assured's administrator. Service of process was
made on the general agent here who, we presume, is the person
designated for such purpose by the defendant under the statute.
(Civ. L., Ch. 130, since amended, Laws of 1898, Act 45.) At
any rate, the defendant answered generally and did not question
the validity of the service. Under these circumstances it would
seem that, if there should be any yielding, whether by comity or
under the "faith and credit" clause of the constitution or the
doctrine of *lis pendens* or for any other reason, it should be by
the courts in New York rather than by those here, and such
would seem to be the view taken both in the federal courts and
in the New York courts. At any rate, the action here was prop-
erly brought and the pendency of a subsequent action elsewhere
is no ground for an abatement of the prior action here.

The leading case is that of the *New Eng. Mut. Life Ins. Co.
v. Woodworth*, 111 U. S. 136. In that case the assured was
domiciled in Michigan when the policy was issued, but died in
New York. Her husband afterwards removed to Illinois and
took the policy with him. The insurance company was a Massa-
chusetts corporation and the policy was by its terms payable at
its office in Boston, but the company was doing business in Illi-
nois and could be reached there by process. It was held that the
policy was assets in Illinois, that the husband was properly ap-
pointed administrator there, whether there was other property
there or not, that he might properly sue on the policy there and

that payment there would protect the company from paying a second time in Massachusetts or elsewhere.

In *Smith v. New York Life Ins. Co.*, 67 Fed. R. 694, the assured was domiciled in Illinois when the policy was issued and at his death. An administrator was appointed in Illinois, who brought suit there on the policy. The assured's wife, however, had removed to California where she was and had the policy at the time of his death. It was held, affirming 57 Fed. Rep. 133, that she was properly appointed administratrix there and could properly sue there on the policy notwithstanding the appointment and suit in Illinois.

In *Gamble v. City of San Diego*, 79 Fed. Rep. 487, it was held that where a state court has first acquired jurisdiction, a Circuit Court of the United States should either dismiss a similar action brought there or else at least suspend proceedings until the final action of the state court.

In *Stout v. Lee*, 103 U. S. 66, it was held that where a state court first acquired jurisdiction, its decree barred further proceedings in a Circuit Court of the United States in a suit begun after suit but before decree in the state court.

In *Sulz v. M. R. F. L. Ass'n.*, 145 N. Y. 563, the assured was domiciled in New York but was temporarily in California when the policy was issued. He was domiciled and had the policy in Washington when he died. An administrator was appointed and brought suit on the policy in Washington. Afterwards the assured's widow, who had remained in New York, was appointed administratrix and brought suit there on the policy. The insurance company was a New York corporation and the policy was payable at its office in New York city. It was held, reversing the trial court, that, as the Washington court had first acquired jurisdiction and the policy was there when the assured died, the New York court should refuse to entertain jurisdiction.

In *Equitable Life Assurance Society v. Vogel's Executors*, 76 Ala. 441, 52 Am. R. 344, the assured was domiciled in Alabama when the policy was issued and when he died. The policy was there also. The insurance company was a New York cor-

poration. It was held that the executrix appointed in Alabama could maintain an action, on the policy there, although an administrator had been appointed in New York.

The exceptions are overruled.

*W. A. Whiting* and *W. J. Robinson* for the plaintiff.

*Hatch & Silliman* for the defendant.

