(55 Misc. Rep. 385.)

### OPPENHEIMER v. WELLS, FARGO & CO.

(Supreme Court, Special Term, New York County. July, 1907.)

CARRIERS—STOPPAGE IN TRANSITU.

> The right of stoppage in transitu arises only in case of the consignee's insolvency; and where the consignment was to effect a sale on credit, in the absence of an averment of facts sufficient to support the exercise of the right, a complaint against a carrier for failure to obey direction for stoppage to goods is demurrable.

Action by Myron H. Oppenheimer against Wells, Fargo & Co. Demurrer to complaint sustained.

Blumenstiel & Hirsch, for plaintiff.
Alexander & Green, for defendant.

BISCHOFF, J. This action is brought to recover damages for the failure of the defendant, a common carrier, to obey a direction by the shipper of goods to a designated consignee for the stoppage of the goods and their return to the shipper. No terms of the contract of carriage are set forth. We have merely the fact of delivery to the carrier for a subsequent delivery upon the latter's part to a consignee, and the allegations of the complaint are:

"That on the 9th day of July, 1906, the said Bernie Kirschbaum, of whose estate plaintiff is committee as aforesaid, then the owner of certain personal property, * * * delivered the said property to the defendant, addressed to" the consignee named.

In the absence of any facts showing a different agreement, the presumption of law is that upon delivery of the goods to the carrier title, as between consignor and consignee, was in the latter (Bailey v. H. R. R. Co., 49 N. Y. 70; 3 Ency. Pl. & Pr. 829, and cases cited);

·and upon such a consignment it is the carrier's duty to deliver to the consignee, subject only to the consignor's right of stoppage in transitu —a right which is not a right of property, but rather in the nature of an equitable lien. Dows v. Cobb, 12 Barb. 310. The right of stoppage in transitu, however, arises only in the case of the consignee's insolvency, and where the consignment was to effect a sale upon credit ·(see 6 Cyc. 433, and cases cited) ; and, in the absence of any averment of facts sufficient to support the exercise of the right by this consignor, the complaint is obviously demurrable for insufficiency. . General dominion over the goods had passed from the consignor at the time of the shipment, and he had no right to assert with respect to the matter of delivery, which the carrier was bound to recognize, other than the right of stoppage in transitu.

The averment that the shipper, "then the owner of certain personal property," made the consignment, cannot be read as an allegation that title remained in him after the shipment. His ownership may well be conceded at the time when the goods were delivered to the carrier; but this did not affect the relation of the parties—that is, of the consignor and the carrier—so far as the relations depended upon the ordinary presumptions of law, from the mere shipment to a designated ·consignee, without any indicia of title in the consignor surviving the delivery. I conclude that the demurrer should be sustained, with costs, with leave to the plaintiff to amend within 20 days upon payment of ·costs.

Demurrer sustained, with costs, with leave to plaintiff to amend within 20 days upon payment of costs.