(69 Misc. Rep. 83.)

### EDWARD THOMPSON CO. v. VACHERON.

(Supreme Court, Trial Term, Suffolk County. September, 1910.)

1. SALES (§ 467*)—CONDITIONAL SALES—DELIVERY.

Where plaintiff by an entire contract sold defendant a set of books, retaining title until they were paid for, delivery of a volume thereof to a carrier for transportation to defendant works no change of ownership and plaintiff continues to bear the risk of transit, especially where no notice

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the shipment was sent to defendant, and, where the volume was never received by defendant, plaintiff could not recover the price.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1355, 1362; Dec. Dig. § 467.*]

2. SALES (§ 101*)—RIGHT OF RESCISSION—DEFAULT OF BUYER—WAIVER.

Where a set of books was sold to be paid for in quarterly installments, and the buyer made default in payment of one installment, the seller had the right to rescind the sale, but, where it continued under the contract and sent out a subsequent issued volume of the set, it waived the default, and could not avail thereof to release itself from its obligation to continue subsequent deliveries of volumes of the set.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 267; Dec. Dig. § 101.*]

Action by the Edward Thompson Company against Eugene F. Vacheron. Judgment for defendant.

Walter Large, for plaintiff.

Sabine & Rose (Arthur H. Cameron, of counsel), for defendant.

PUTNAM, J. This suit arises out of a conditional sale or subscription contract for several legal treatises in the form of an order (dated December 18, 1896) upon plaintiff:

"Please deliver to me, carriage paid, the complete set of the second edition of the American and English Encyclopædia of Law, consisting of 32 volumes; and the 4 volume Supplement thereto as issued, for which I agree to pay $7.50 per volume. * * * It is expressly understood that the right of property in all volumes unpaid for shall remain in Edward Thompson Co. until the same are wholly paid for."

At the foot was defendant's signature over his office address in New York, and, in the lower left corner, the words, "Ship to Copake Iron Works, Columbia County, N. Y."—where defendant resided.

Defendant was to pay installments quarterly, beginning January 15, 1907; so that one payment came due April 15th, which was not paid. Volume 4 of the Supplement was issued in June, 1907, and on the 27th one copy was given to the American Express Company at Northport (with the freight prepaid) addressed to the defendant, "Copake Iron Works, N. Y." It seems, however, that it never reached defendant; and plaintiff's proof of sending it does not go beyond this evidence of its delivery to the express company. The defendant thereafter demanded this volume, but plaintiff contended that, under the contract, the obligation of delivery had been duly performed. On January 8, 1909, plaintiff brought suit for the quarterly installments which had then matured, crediting the defendant with the first payment. The defense is that the contract is entire, and that plaintiff has broken its terms by reason of this nondelivery of volume 4 of the Supplement. On the special issue whether the express company had delivered the book to defendant, the jury's verdict was in the negative.

Plaintiff's acceptance of the subscription order required it to deliver the books (including this Supplement) to defendant, carriage paid. The direction "Ship to Copake Iron Works" designated the place where defendant was to receive the books. While upon defendant's default in April the other side might have elected to rescind, the pub-

lishing company did not take that step. Instead, it went on under the contract sending out a later issue to defendant. Not having elected to enforce this first default, plaintiff waived it as a condition. After that, this April nonpayment could not be availed of to relieve plaintiff from its obligation to continue its later deliveries, as it had contracted to do.

Hence, the right to recover here turns upon the sufficiency of this delivery to the express company. Plaintiff cites instances of sales, wherein, upon the seller's delivery to a carrier, title passes with the bill of lading to the purchaser, and the delivery is deemed perfected. There is, however, no presumption that the goods arrive from the fact of shipment. See v. Bernheimer, 38 N. Y. Super. Ct. 40. It is because that ordinarily the risk of transit is on the owner of the goods that such delivery to a carrier is deemed a delivery to the buyer. Here, however, the title was expressly reserved in plaintiff until the books should be wholly paid for. Marvin Safe Co. v. Emanuel, 21 Abb. N. C. 181. Where delivery to the carrier makes no change of ownership, the owner continues to bear the risk of the transit, especially where no notice of the shipment is sent to the consignee. Here no notice was given by which defendant could claim the book; or, if it were not forthcoming at the designated place, could cause it to be traced on the way from Northport. In such case the express company is the agent of the consignor (Dunlop v. Lambert, 6 Cl. & Fin, 600; Benj. Sales, § 1040), so that any loss on the way falls on the sender (Braddock Glass Co. v. Irwin, 153 Pa. 440, 25 Atl. 490).

It would be unreasonable to say that defendant had bound himself to pay for what he never got, where it had been stipulated in advance that he should have no title in the article at the time of its loss. Murray v. Nichols (City Ct. N. Y.) 11 N. Y. Supp. 734. Where a publisher contracts to make such a delivery to a subscriber at a distant place, some express clause is necessary to shift the risk of carriage. Such a provision is "Goods delivered to customer, when delivered to Transportation Co." See Price v. Engelke, 68 N. J. Law, 567, 53 Atl. 698. In the absence of such stipulation, the risks of transit naturally follow the title to the goods at the time; and the publisher must carry out the engagement to deliver at the place appointed.

This contract was clearly entire. Indeed, the completeness of the whole series, as issued, of such a reference work, is essential to its usefulness. Hence the breach as to this volume is fatal to this suit, and defendant should have judgment on the verdict.

Judgment for defendant.