(93 Misc. Rep. 72)
CONSTANTIN v. A. H. & F. H. LIPPINCOTT, Inc.

(Supreme Court, Appellate Term, First Department. December 30, 1915.)

1. SALES ⊜⇒467—CONDITIONAL SALES—LIABILITY OF SELLER.
   A bill of conditional sale provided that a soda fountain should be delivered f. o. b. at Philadelphia, the seller's place of business, and should be entirely at the buyer's risk at all times from and after delivery to the buyer, or to a carrier or transportation company. The buyer desired delivery in New York, and the seller consigned the fountain to itself at the buyer's place of business in the latter city. When received, the fountain was found broken. *Held*, that the buyer could not recover from the seller damages for injury to the fountain, presumably received in transit, notwithstanding the fountain was consigned to the seller's own order.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1354, 1358–1364; Dec. Dig. ⊜⇒467.]

2. SALES ⊜⇒418—REMEDIES OF BUYER—ACTIONS—DAMAGES.
   Where a soda fountain was broken when delivered, the buyer's measure of damages is the difference between the value of the fountain in its defective condition and in a correct condition.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1174–1201; Dec. Dig. ⊜⇒418.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by George Constantin against A. H. & F. H. Lippincott, Incorporated. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued December term, 1915, before GUY, PAGE, and PHILBIN, JJ.

J. Albert Lane, of New York City, for appellant.
John D. Stephanidis, of New York City (Francis M. Applegate, of New York City, of counsel), for respondent.

PHILBIN, J. The plaintiff purchased from the defendant under a conditional bill of sale a soda water fountain. Upon the delivery of the fountain to plaintiff, it was found that parts of it were broken. [1] The plaintiff now seeks to recover from the defendant the damages suffered because of such defective condition. The contract of sale provided that the goods were "to be f. o. b. Philadelphia" (the place of business of the defendant), "and to be entirely at vendee's risk at all times from and after delivery to vendee, or to a carrier or transportation company." The vendee was to pay the freight. The said contract or bill of sale provided, further, for certain payments of the purchase price to be made after delivery, and that title to the goods should not pass to the vendee until the full purchase price was paid, and that the goods should remain the property of the vendor until that time. The defendant had the consignment made to itself at the plaintiff's place of business in New York City, and the bill of lading so reads. Upon the trial the plaintiff was allowed to prove as the measure of damages what it would cost to repair or replace the broken marble. There was no attempt made to show the value

of the said fountain, if in proper condition, and the value in its defective state.

In view of the express stipulation that the fountain was to. be delivered f. o. b. Philadelphia, and that it was to be entirely at plaintiff's risks at all times from and after delivery to the carrier, it cannot be said that the defendant became responsible for the defective condition existing at the time the plaintiff received the fountain, particularly as the only inference possible upon the evidence is that it was injured while in transit. It was uncontradicted that the fountain was free from any breaks and was in proper condition when delivered by the defendant to the transportation company at Philadelphia, and it is not contradicted that it was in the said defective condition claimed by plaintiff when received by the latter. The agreement differs from the ordinary contract of conditional sale providing for a delivery at the address of the vendee. In such circumstances the contract is not performed by the vendor unless delivery is duly made. Thompson v. Vacheron, 69 Misc. Rep. 83, 125 N. Y. Supp. 939.

The effect of said provision as to delivery in Philadelphia was not nullified by the defendant having the goods consigned to its own name at plaintiff's address. When the defendant delivered the goods to the carrier, it effectually parted with its title to the goods, except in so far as the latter stood as security for the price the plaintiff had agreed to pay. No further act on the part of the defendant was necessary to transfer the title to the plaintiff. National Cash Register Co. v. South Bay C. H. Ass'n, 64 Misc. Rep. 125–127, 118 N. Y. Supp. 1044. The conclusion must be reached that no liability on the part of the defendant was established.

[2] It further must be said that there was error committed as to the measure of damages adopted. The difference in value between the said fountain in the defective condition and in proper condition was the correct standard.

Judgment reversed, and new trial ordered, with $30 costs to appellant to abide the event. All concur.