EDGAR KLEINHANS, Appellant, *v*. CANADIAN PACIFIC RAILWAY COMPANY, Respondent.

Supreme Court, Appellate Term, First Department, February Term — Filed March, 1922.

Carriers — bill of lading to order of seller with draft attached — buyer who takes up the draft can sue carrier for damages to goods caused by its negligence — fact that title had not passed until damage had been done does not defeat action — Pers. Prop. Law, § 101, subd. 2.

Where the property in goods is retained for security by a bill of lading, the risk of loss is in the buyer, and even though the seller retains possession of the bill of lading the carrier is liable to the buyer for his damages resulting from negligence or for wrongful delivery or conversion.

Plaintiff purchased in Maine a quantity of potatoes which were delivered by the seller to the defendant railway company, consigned to the seller at New York city.   Attached to the negotiable bill of lading was the seller's draft for the purchase price less freight charges made to the order of a bank at the place where the sale took place, containing the words, "No protest.   Deliver goods only on payment of draft," which draft was sent to a New York bank with instructions to notify plaintiff.   Upon inspection of the potatoes on their arrival plaintiff, who had paid the draft and the freight charges, found that the potatoes had been

damaged, because, contrary to instructions contained in the bill of lading, heat had been turned on in the car. Upon the trial of an action by the buyer to recover the loss arising upon the sale of the potatoes, the court held that the title thereto did not pass until plaintiff had paid the draft; that any damage to the potatoes arose before plaintiff had acquired title to the shipment and while the title was still in the seller who was the only one who could maintain the action. *Held,* error, and that a judgment entered in favor of defendant must be reversed and judgment directed in favor of plaintiff. Pers. Prop. Law, § 101, subd. 2.

APPEAL by plaintiff from judgment of the Municipal Court of the city of New York, borough of Manhattan, third district, in favor of defendant.

*Hamilton Anderson* (*Louis J. Somerville,* of counsel), for appellant.

*Hardin & Hess* (*Bertram L. Fletcher,* of counsel), for respondent.

GUY, J.  In April, 1913, plaintiff purchased a quantity of potatoes in Houlton, Maine, which were delivered by the seller to defendant railway, consigned to the seller at New York city, the bill of lading, which was negotiable, stating that the shipment was consigned to " Order of W. R. Yerza (the seller), destination 33rd Street, New York City; notify E. Kleinhans." Attached to the bill of lading was a draft drawn by the seller for $294.40, the purchase price, less the freight charges, made to the order of a bank in Houlton, containing the words," No protest. Deliver goods only on payment of draft," which draft was sent to a New York bank with instructions to notify plaintiff. Plaintiff paid the amount of the draft, also freight charges, and upon the arrival of the car inspected the car, as he was entitled to do under the terms of the bill of lading, and found that the potatoes had been damaged by reason of the heat being turned on in the car contrary to instructions contained in the bill of lading. The potatoes were consequently sold for less than their value, and plaintiff sues to recover the resulting loss.

On these facts the trial court held that title to the potatoes did not pass to the plaintiff until he paid the draft; that any damage to the potatoes arose before plaintiff had acquired title to the shipment and while the title was still in the seller, and, therefore, the shipper was the only person who could maintain the action.

Section 101 of the Personal Property Law, subdivision 2 (Laws of 1911, chap. 571), provides: " Where goods are shipped, and by the bill of lading the goods are deliverable to the seller or his agent, * * * the seller thereby reserves the property in the goods. But if, except for the form of the bill of lading, the property would have passed to the buyer on shipment of the goods, the seller's property in the goods shall be deemed to be only for the purpose of securing performance by the buyer of his obligations under the contract."

Where property is retained for security by means of a bill of

lading, the risk of loss is in the buyer. *Farmers & Mechanics' Nat. Bank* v. *Logan,* 74 N. Y. 568, 581; *Constantin* v. *Lippincott, Inc.,* 93 Misc. Rep. 72; *Sawyer* v. *Dean,* 114 N. Y. 469.

The carrier is liable to the buyer for damage resulting from negligence or for wrongful delivery or conversion, even though the seller retains possession of the bill of lading. *Bailey* v. *Hudson River R. R. Co.,* 49 N. Y. 70.

There being no dispute as to the facts in the case and the amount of the damage, the judgment must be reversed, with $30 costs, and judgment directed for plaintiff for $136.94 damages, interest and costs.

ERLANGER and WASSERVOGEL, JJ., concur.

Judgment reversed.